■ In the Matter of MARTHA G. BANNERMAN et al.— Application for approval of the practice of law by a proposed corporation to be known as "Remedy Legal Services, Inc." pursuant to section 495 of the Judiciary Law, is unanimously denied and the petition and amended petition dismissed, without costs and without disbursements, with leave to renew upon new papers limiting the areas of the proposed corporation's legal services to consumer protection and Federal Trade Commission matters. This application, presented by four members of the New York Bar, requests approval of the practice of law in the areas of (1) environmental protection, (2) consumer protection, (3) civil rights, and (4) adherence of government agencies and institutions to their duties and responsibilities, by a proposed corporation to be named "Remedy Legal Services, Inc." which would have a board of directors composed of members of the New York Bar. The petition complies with the procedural requirements of part 608 of the rules of this court (22 NYCRR part 608). The efforts of the petitioner in presenting this application for the creation of a public interest law firm are indeed laudable. However, the scope of the authority sought appears to us to be broader than would be advisable to grant to this fledgling entry into the field of legal service corporations. The petitioners have presented a letter from the Attorney-General of the State of New York advising the court that "approval of Remedy Legal Services, Inc. would seem to present an effective and innovative approach to at least part of this problem [consumer credit collection suits against defendants who cannot afford private counsel but are not technically eligible under legal assistance guidelines]." They have also presented a letter from the Regional Director of the Federal Trade Commission suggesting "the possibility of Remedy's involvement in a project to provide representation for defendants in consumer credit collection suits who cannot afford counsel but are not presently eligible for legal assistance or unable to obtain it due to lack of manpower in existing agencies." The court has heretofore indicated to petitioners that it would approve the corporation for the practice of law limited to the areas of consumer protection and Federal Trade Commission matters. Petitioners are again invited to present a modified application thus limited. There would appear to be ample work for the proposed corporation to perform in those areas. Should a renewed application be made limiting the powers of the corporation to legal services for consumer protection and Federal Trade Commission matters, and approval of such application obtained, then if, at a later date, the corporation, based upon its experience, finds a need to enter into

other fields of the law, it may apply upon proper papers for a modification of the order entered upon the suggested application. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Eager, JJ.